POST et al. v. GREEN et al.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

CONDITIONAL SALES—RIGHTS OF SELLER—NOTE GIVEN IN LIEU OF CASH.

　A note given in lieu of a cash payment, according to the terms of a contract of sale, is not invalidated by the fact that, on failure of the buyer to make other payments provided for, the seller took possession of the property, and sold it without having recourse to the method prescribed in the contract.

Appeal from trial term, New York county.

Action by Henry A. V. Post and others against Charles H. Green and another on a promissory note.　From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for new trial, defendants appeal.　Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

A. Gruber, for appellants.
E. B. Hill, for respondents.

PATTERSON, J.　This action was brought to charge the defendants as indorsers of a promissory note made by the Washington City & Point Lookout Railroad Company, which note was delivered to the plaintiffs as collateral security for a loan of money made by them to the railroad company.　The note in suit is dated the 24th day of January, 1891, and was transferred and delivered to the plaintiffs on the 1st day of April, 1891.　It was originally given by the maker to the American Car & Equipment Company,

under and pursuant to a contract by which the railroad company became possessed of certain rolling stock, manufactured for it by the American Car & Equipment Company, which agreement is in the form of a lease of such rolling stock, but which also provides that, upon the payment by the railroad company of certain amounts at certain times, the absolute title to the rolling stock shall vest in the railroad company. Among the conditions of the agreement referred to is one which required the railroad company to make to the American Car & Equipment Company "a cash payment of $3,575, to be represented by one three-months note of the Washington City & Point Lookout Railroad Company, payable upon delivery of the said railroad equipment rolling stock to the party authorized by the said Washington City & Point Lookout Railroad Company to receipt for the same, the receipt of this party to be final and conclusive evidence of the acceptance of the said rolling stock to the satisfaction of the lessee." The agreement then provides for 36 additional payments, to be made monthly, from and including March 15, 1891, to and including February 15, 1894. The note in suit is the $3,575 note referred to in the extract from the agreement quoted. It is made to appear in the proofs that the plaintiffs in this action, having other financial transactions with the American Car & Equipment Company, took an assignment of the contract between the railroad company and the equipment company on the 27th day of January, 1891; and thus became entitled to the benefits, and had imposed upon them the burdens, of that contract. It further appears that, about October, 1891, the plaintiffs, as assignees, and standing in the place of the equipment company, brought an action in replevin against the railroad company, took possession of the property under the writ in that action, and sold the same, without giving notice to the railroad company. There was a provision in the contract between the two corporations that, upon default of any of the conditions of the contract, the property could be sold upon notice to the railroad company. No notice was given of the sale of the rolling stock.

It is now claimed by the defendants, and it is the only defense which requires consideration here, that the plaintiffs, by their act in taking possession of the rolling stock, and selling the same without notice, elected to rescind the contract referred to, and that this resulted in a failure of consideration, or partial failure of consideration, of the note in suit. It is not disputed that the note was originally given for a consideration, nor is it claimed that there was any imperfection in the note at the time it was given; but, to use the language of the defendants' counsel, it is contended that the plaintiffs "lose their right to collect the note by reason of their act in destroying the foundation of the note, the consideration for which it was given,—by rescinding the agreement of which the note was a part, and thereby destroying the note itself." An examination of the agreement, and its true construction, shows that this position of the defendants is untenable. The note in suit was given in lieu of a cash payment, to be made upon delivery of the rolling stock to the railroad company. It was for an amount

of money to become due and payable when that delivery was made, and was a completed thing, giving rise to an enforceable obligation when the delivery of the rolling stock was made under the terms of the contract. The note was to be given concurrently with the railroad company taking possession of the rolling stock, and, when it got possession of that rolling stock, the equipment company was entitled to the note in suit, and its right to enforce that note was in no wise dependent upon any of the subsequent provisions of the contract respecting the future relations to exist between the two companies. The transaction was, simply, that, instead of requiring $3,575 to be paid in cash, the equipment company agreed to receive a note at three months' time to represent that cash payment, or, in other words, a credit of three months was given on that branch of the transaction. So, when subsequent defaults were made, or the plaintiffs, as assignees of the contract, undertook to repossess themselves of the property by reason of such subsequent defaults, the alleged rescission of the contract had no retroactive effect to discharge the liability of the maker or the indorsers of the note in suit, for the giving of that note was a matter entirely independent of every other consideration connected with the contract, and stood upon the basis of an accomplished thing when the rolling stock was delivered and the note was given.

The plaintiffs, under the agreement, were entitled to resort to the rolling stock as security for the payments to be made subsequent to the giving of the initial note; and by resorting to their security, or enforcing remedies upon either of those subsequent notes, the separated matter connected with the first note was in nowise changed or affected. The transaction of January 27th, in which the contract between the equipment company and the railroad company was assigned to the plaintiffs, was entirely distinct from and independent of that in which the plaintiffs took the note in suit as collateral security; and, that note having been given, for value, to the equipment company, which was entitled to it under the contract, its transfer to the plaintiffs conferred a valid title, and they received it for a good consideration, paid therefor.

The learned judge in the court below was right in directing a verdict for the plaintiffs, and the judgment should be affirmed, with costs. All concur.